## El Pueblo *v.* Oliver.

Apelación procedente de la Corte de Distrito de Ponce.

No. 24.—Resuelto en Junio 25, 1904.

Abuso de Confianza—Hurto de Mayor Cuantía—Convicción por un Delito Distinto del Comprendido en la Acusación.—Los delitos de abuso de confianza y hurto son completamente distintos y se encuentran definidos en distintas secciones del Código, por lo que, con una acusación imputando al acusado el delito de hurto, no puede declararsele culpable de abuso de confianza.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Hernández, emitió la siguiente opinión del Tribunal.

El Fiscal de la Corte de Distrito de Ponce, en cinco de Junio del año próximo pasado, presentó acusación contra Francisco Oliver, concebida en los términos siguientes:

"El Fiscal formula acusación contra Francisco Oliver por el delito grave de hurto de mayor cuantía, comprendido en el artículo 449 del Código Penal, cometido como sigue; En este Distrito Judicial, y el día 11 de marzo de 1903, Bautista Centeno le entregó á Francisco Oliver un buey hosco, de cuernos grandes, de cuatro años de edad, sin marca, con objeto de que lo probara durante el plazo de ocho dias, debiendo al cabo de dicho término devolverle el animal ó comprárselo en la suma, ya convenida, de cuarenta y cinco dollars y el Francisco Oliver, en vez de cumplir lo convenido, vendió el referido buey á Eustaquio Velazquez, en cincuenta dollars, apropiándose fraudulentemente el producto de la venta. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico."

El acusado compareció ante el Tribunal en veinte y cinco de Junio citado, negó la acusación y manifestó deseaba ser juzgado por Jurado. El juicio oral se celebró en cuatro de

Diciembre, y practicadas las pruebas, sin que se consignara excepción alguna, despues de las alegaciones hechas por ambas partes, el Juez hizo un resúmen del caso al Jurado y le dió sus instrucciones, habiendo el jurado declarado culpable al acusado.   El Juez dictó sentencia en siete de Diciembre citado, condenando á Francisco Oliver, como autor responsable del delito de abuso de confianza, á la pena de tres años de presidio, con trabajos forzados, que deberá extinguir en el Departamental de la Isla, y al pago de las costas.

Contra esa sentencia interpuso el abogado de Oliver recurso de apelación, por estimar que era contra todo derecho; y admitido dicho recurso, se elevaron á esta Corte Suprema las copias prevenidas por la ley.

El acusado no ha hecho alegación alguna ante esta Corte Suprema, y el Fiscal ha impugnado el recurso por no encontrar que se haya cometido error alguno y estimar justa la sentencia pronunciada.   Nosotros hemos examinado detenida-mente los autos, y ha llamado nuestra atención que la acusa-ción se presentó contra Francisco Oliver por el delito grave de hurto de mayor cuantía, comprendido en el art. 449 del Código Penal, y que el Jurado le declaró culpable de ese delito, habiéndole condenado el Tribunal por el delito de abuso de confianza á la pena que se deja expresada, en consonan-cia con los artículos 430, 449 y 455 del Código Penal.   El artículo 449 del Código Penal, que se cita en la acusación, cas-tiga el delito de abuso de confianza, y nó el de hurto de mayor cuantía, cuya calificación ha dado el Fiscal de Ponce á los hechos ejecutados por el reo, con la particularidad de que el Jurado declaró culpable de ese delito al reo y el Juez le con-denó como responsable del delito de abuso de confianza.   Los delitos de hurto de mayor cuantía y de abuso de confianza, son completamento distintos en el Código Penal, y están definidos en distintas secciones del mismo Código, por lo que es obvio que Francisco Oliver ha sido condenado por un delito de que no fué acusado.   El fallo pues adolece de vicio de nulidad por

falta de congruencia con la acusación, y en su consecuencia debe revocarse, sin más pronunciamiento que el de que el Tribunal de Ponce proceda á la celebración de nuevo juicio, llenando previamente las formalidades legales y procediendo con arreglo á derecho

*Revocada.*

Jueces concurrentes, Sres. Presidente, Quiñones, y Asociados, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.